# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**Case No.**: 0:20-cv-60028

LILIAN MENDOZA, individually and
on behalf of all others similarly
situated,

    Plaintiff,

v.

HM EVENTS & HOSPITALITY LLC,

    Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMAND**

## CLASS ACTION COMPLAINT

Plaintiff LILIAN MENDOZA ("Plaintiff") brings this class action against Defendant HM EVENTS & HOSPITALITY LLC ("Defendant") under 47 U.S.C. § 227, *et seq.*, the Telephone Consumer Protection Act ("TCPA").

## JURISDICTION AND VENUE

1. Jurisdiction is proper under 28 U.S.C. § 1331 because Plaintiff alleges violations of a federal statute, and under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, and at least one Class member will belong to a different state than Defendant.

2. Plaintiff seeks up to $1,500.00 in damages for each call (text message) in violation of the TCPA, which, when aggregated among a proposed class numbering in the thousands, or more, exceeds the $5,000,000 threshold for federal court jurisdiction under the Class Action Fairness Act.

3. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## PARTIES

4. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Broward County, Florida.

5. Defendant is a Florida corporation, with a principal office located at 135 Weston Rd Suite 255 Weston, FL 33326.

6. Defendant directs, markets, and controls its online business in the United States.

## ALLEGATIONS

7. Defendant is an event marketing and management company headquartered in Weston, Florida.

8. Beginning on or about October 5, 2019, Defendant began sending marketing text messages to Plaintiff's cellular telephone number, ending in 7715 (the "7715 Number"), without Plaintiff's prior express consent. Below is a depiction of a text message Defendant sent to Plaintiff:



9. Defendant has sent at least one thousand illegal text messages over the last four years preceding this lawsuit

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

10. Plaintiff was sent marketing text messages without Plaintiff's express written consent.

11. Defendant's text messages constitute telemarketing because said text messages encourage the future purchase of Defendant's products by consumers.

12. Plaintiff received the subject text messages within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district.

13. Defendant caused other text messages to be sent to individuals residing within this judicial district.

14. At no point in time did Plaintiff provide Defendant with express written consent to be contacted by text for marketing purposes.

15. Plaintiff is the subscriber and sole user of the 7715 Number.

16. The number used by or on behalf of Defendant, *i.e.*, 555-999, is known as a "short code." Short codes are short digit sequences, significantly shorter than telephone numbers, that are used to address messages in the Multimedia Messaging System and short message service systems of mobile network operators.

17. The impersonal and generic nature of Defendant's text messages, coupled with the fact that they were originated from a short-code, demonstrates that Defendant utilized an automatic telephone dialing system, *i.e.*, an ATDS, in transmitting the messages.

18. To send the text message, Defendant used a messaging platform (the "Platform") that permitted Defendant to transmit thousands of automated text messages without any human involvement.

19. The Platform has the capacity to store telephone numbers.

20. The Platform has the capacity to generate sequential numbers.

21. The Platform has the capacity to dial numbers in sequential order.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

22. The Platform has the capacity to dial numbers from a list of numbers.

23. The Platform has the capacity to dial numbers without human intervention,

24. The Platform has the capacity to schedule the time and date for future transmission of text messages.

25. To transmit the text messages at issue, the Platform automatically executed the following steps: [1] The Platform retrieved each telephone number from a list of numbers in the sequential order the numbers were listed; [2] The Platform then generated each number in the sequential order listed and combined each number with the content of Defendant's message to create "packets" consisting of one telephone number and the message content; [3] Each packet was then transmitted in the sequential order listed to an SMS aggregator, which acts an intermediary between the Platform, mobile carriers (e.g. AT&T), and consumers; and [4] Upon receipt of each packet, the SMS aggregator transmitted each packet – automatically and with no human intervention – to the respective mobile carrier for the telephone number, again in the sequential order listed by Defendant.  Each mobile carrier then sent the message to its customer's mobile telephone.

26. The above execution of Defendant's instructions occurred seamlessly, with no human intervention, and almost instantaneously.  Indeed, the Platform is capable of transmitting thousands of text messages following the above steps in minutes, if not less.

27. Defendant, or an entity on Defendant's behalf, utilized a combination of hardware and software systems to send the text messages at issue in this case. Said systems have the current capacity or present ability to generate or store random or sequential numbers or to dial sequentially or randomly at the time the text is made, and to dial such numbers, *en masse*, in an automated fashion without human intervention.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

28. Defendant's text messages to Plaintiff caused the depletion of Plaintiff's cellular telephone battery. The battery used to power Plaintiff's cellular telephone can only be recharged a limited number of times before the battery's voltage begins to decrease, causing the cellular phone to turn off completely, without warning, if the battery drops below the minimum voltage needed to safely power Plaintiff's cellular telephone.

29. Defendant's text messages took up memory space on Plaintiff's cellular telephone, with each message taking up approximately 190 bytes. The cumulative effect of unsolicited text messages, such as those complained of by Plaintiff herein, poses a real risk of ultimately rendering the phone unusable for text messaging, as a result of the phone's memory being taken up.

30. Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to Plaintiff's daily life.

## CLASS ALLEGATIONS

31. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, individually and on behalf of all others similarly situated.

32. Plaintiff brings this case on behalf of a Class defined as follows:

> **[1]** All persons in the United States **[2]** within the four years immediately preceding the filing of this Complaint **[3]** whose cellular telephone number **[4]** was sent one or more text message **[5]** using the same type of equipment used to text message Plaintiff **[6]** from Defendant or anyone on Defendant's behalf.

33. Defendant and its employees or agents, Plaintiff's attorneys and their employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death, and/or emotional distress are excluded from the Class. Although the exact number of members in the Class is currently unknown, Plaintiff believes the number

PAGE | **5** of **10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

of Class members to be in the thousands.

34. Defendant has sent automated text messages to cellular telephone numbers belonging to thousands of consumers throughout the United States without the prior express consent of the subscriber of said telephone number. As such, the members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

35. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's phone and/or computer records.

36. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class.

37. Among the questions of law and fact common to the Class are: (1) whether Defendant made non-emergency texts to Plaintiff's and Class members' cellular telephones using an automatic telephone dialing system (an "ATDS"); (2) whether Defendant can meet their burden of showing that they obtained prior express consent to make such textss; (3) whether Defendant conduct was knowing and willful; (4) whether Defendant are liable for damages, and the amount of such damages; and (5) whether Defendant should be enjoined from such conduct in the future.

38. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiffs and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

39. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

40. Plaintiff is a representative who will fully and adequately assert and protect the interests

PAGE | **6** of **10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

41. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

42. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

### COUNT I.
### Violation of 47 U.S.C. § 227(b)

43. Plaintiff re-alleges and incorporates paragraphs 1-42 as if fully set forth herein.

44. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii). "A text message to a cellular telephone qualifies as a 'call' within the meaning of the TCPA." Thomas v. Peterson's Harley Davidson of Miami, L.L.C., 363 F. Supp. 3d 1368, 1371 (S.D. Fla. 2018).

PAGE | **7** of **10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

45. The TCPA defines an "automatic telephone dialing system" (an "ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

46. Defendant – or third parties directed by Defendant– used equipment having the capacity to dial numbers without human intervention to distribute marketing text messages to the cellular telephones of Plaintiff and other members of the Class defined above.

47. These text messages were made without regard to whether Defendant had first obtained express written consent to send text messages. In fact, Defendant did not have prior express written consent to text the cell phones of Plaintiff and Class Members when the subject text messages were made.

48. Defendant, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to distribute text messages to the cell phones of Plaintiff and Class Members without their prior express written consent.

49. All possible Defendants are directly, jointly, or vicariously liable for each such violation of the TCPA.

50. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to, at minimum, $500.00 in damages for each violation.

51. Plaintiff and the Class are also entitled to an injunction against future text messages.

52. Defendant knew that it did not have prior express written consent to send the complained of text messages.

53. At all times relevant, Defendant knew or should have known that its conduct, as

PAGE | **8** of **10**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

alleged herein, violated the TCPA.

54. Because Defendant knew or should have known that Plaintiff and Class Members had not given prior express consent to receive its autodialed text messages to their cellular telephones, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

55. As a result of Defendant violations, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## JURY DEMAND

56. Plaintiff and Class Members hereby demand a trial by jury.

## PRAYER FOR RELIEF

57. Plaintiff, individual and on behalf of the other members of the Class, prays for the following relief:

(1) A declaration that Defendant practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

(2) A declaration that Defendant violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, were willful and knowing;

(3) An injunction prohibiting Defendant from using an automatic telephone dialing system to call and text message telephone numbers assigned to cellular telephones without the prior express consent of the called party;

(4) An award of actual, statutory damages, and/or trebled statutory damages; and

(5) Such further and other relief the Court deems reasonable and just.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

DATED:  January 6, 2020

                                        Respectfully Submitted,

                                        /s/ Jibrael S. Hindi
                                        **JIBRAEL S. HINDI, ESQ.**
                                        Florida Bar No.: 118259
                                        E-mail:    jibrael@jibraellaw.com
                                        **THOMAS J. PATTI, ESQ.**
                                        Florida Bar No.: 118377
                                        E-mail:    tom@jibraellaw.com
                                        The Law Offices of Jibrael S. Hindi
                                        110 SE 6th Street, Suite 1744
                                        Fort Lauderdale, Florida 33301
                                        Phone:      954-907-1136
                                        Fax:           855-529-9540

                                        *COUNSEL FOR PLAINTIFF*

PAGE | **10** of **10**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com